# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### *Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| **NATIONAL ALLIANCE FOR ACCESSIBILITY, INC. & DENISE PAYNE,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **Case No.: PWG–12–3224** |
| | * | |
| **C1 MARYLAND BUSINESS TRUST,** | * | |
| | * | |
| **Defendant.** | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses the Motion to Dismiss, ECF No. 13, and Memorandum in Support, ECF No. 13-1, that Defendant C1 Maryland Business Trust ("C1 Maryland") filed; Plaintiffs National Alliance for Accessibility, Inc. ("NAA") and Denise Payne's Opposition, ECF No. 16; and Defendant's Reply, ECF No. 17. Having reviewed the filings, I find that a hearing is unnecessary in this case. *See* Loc. R. 105.6. For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED, and this case is DISMISSED without prejudice, as moot.

By way of background, NAA is a non-profit organization whose members include individuals with disabilities. Am. Compl. ¶ 9, ECF No. 16-2. NAA's purpose is to "represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities." *Id.* Payne, a resident of Florida who has cerebral palsy and uses a wheelchair, is a

member of the NAA. *Id.* ¶¶ 6 & 8. Plaintiffs filed a Complaint against C1 Maryland, which owns and operates the Courtyard Marriott Rockville, located in Rockville, Maryland, alleging that Payne "was an overnight guest of the hotel on April 25, 2012," at which time she "encountered architectural barriers at the subject property," which "endangered her safety." *Id.* According to Plaintiffs, Payne "plan[ned] to return to the property as an overnight guest on April 23, 2013, to avail herself of the goods and services offered to the public at the property, if the property is made accessible." *Id.* ¶ 6. Plaintiffs claim that aspects of the Courtyard Marriott Rockville violate provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181, *et seq.*, and they seek injunctive relief and a declaratory judgment. Am. Compl. 10, 19 & ¶ 13.

Defendant contends that "Plaintiffs lack Article III standing to seek injunctive relief under the Americans with Disabilities Act," and therefore the Complaint should be dismissed for lack of subject matter jurisdiction. Def.'s Mot. 1. Specifically, Defendant argues that neither plaintiff "has suffered an 'injury in fact' of the type necessary to maintain an ADA accessibility action." Def.'s Mem. 1. In addition, Defendant argues that NAA does not have standing because Payne does not have standing, and "a claim asserted by a private entity under Title III of the ADA requires the participation of a disabled person with standing." *Id.* at 28. Also, Defendant contends that the Plaintiffs' Complaint does not meet Fed. R. Civ. P. 12(b)(6)'s pleading requirements because it only contains conclusory statements and fails to establish a claim under which relief can be granted. *Id.* at 28.

Plaintiffs argue that the violations alleged in the Complaint "are case specific and represent the architectural barriers encountered by the Plaintiff, Payne at the subject property," and that those violations have a "direct casual [sic] connection" to Plaintiffs' injuries. Pls.'

Opp'n 9–10.  On that basis, Plaintiffs contend that their original Complaint meets the pleading requirements of the Federal Rules of Civil Procedure.  *Id*. at 24.

Plaintiffs request that, if the Court finds the Complaint to be insufficient for the reasons cited by the Defendant, the Court  permit them to file the Amended Complaint attached to their Opposition, ECF No. 16-2.  Pls.' Opp'n 24.  In Defendant's view, Plaintiffs' Complaint and Amended Complaint both fail to state a claim.  Def.'s Reply 17.  Defendant requests that the Court deny Plaintiffs' request to file an Amended Complaint because the Amended Complaint contains "merely conclusions and formulaic recitations of the elements of a cause of action."  *Id*.

Fed. R. Civ. P. 15(a)(1)(B) provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b) . . . ."  Although Plaintiffs requested leave to amend, *see* Pls.' Opp'n 24, Plaintiffs filed their first Amended Complaint fourteen days after Defendant moved to dismiss, at which time Plaintiffs could amend as a matter of right pursuant to Rule 15(a)(1)(B).  Therefore, the Court will accept the Amended Complaint and consider it when evaluating the justiciabilility of this case.  *See* Fed. R. Civ. P. 15(a)(1)(B); *see also* Fed. R. Civ. P. 1.

Pivotal to the resolution of this case is a basic principle of law:  The federal courts only have jurisdiction over "actual 'Cases' or 'Controversies.'"  *Freidman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (quoting U.S. Const. art III, § 2, cl. 1).  Consequently, "'[t]o qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'"  *Id*. (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)).  Thus, a plaintiff bringing a claim for injunctive or

declaratory relief,[1] as NAA and Payne do, "must demonstrate a 'personal stake in the outcome,'" and that personal stake "'must exist at the commencement of the litigation (standing) [and] must continue throughout its existence (mootness).'" *Nat'l Alliance for Accessibility v. CMG Bethesda Owner LLC*, No. JFM-12-1864, 2012 WL 6108244, at *2 & 5 (D. Md. Dec. 7, 2012) (quoting *City of L.A. v. Lyons*, 461 U.S. 95, 101 (1983), and *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)) (internal quotation marks and citations omitted).

Put another way, "'a case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). But, if it still can be said that the plaintiff "'suffered, or [is] threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision,'" then the plaintiff "continue[s] to have a 'personal stake in the outcome' of the lawsuit," and the case is not moot. *Wright v. Bishop*, No. DKC-12-947, 2012 WL 4324911, at *2 (D. Md. Sept. 19, 2012) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998), and *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 478 (1990) (citation omitted)). The Court may raise the issue of mootness *sua sponte*, as I do now, because "'mootness goes to the heart of the Article III jurisdiction of the courts.'" *Friedman's, Inc.*, 290 F.3d at 197 (quoting *Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 228 (4th Cir. 1997)).

To show that Payne's personal interest still exists, such that her claims for declaratory and injunctive relief are not moot, Plaintiffs must show that there is a "'real and immediate threat' that [Payne] will sustain some future, direct injury as a result of the challenged conduct."

---

[1] "This Court has stated that "'the standing requirements for declaratory relief and injunctive relief are essentially the same.'" *Nat'l Alliance for Accessibility v. Millbank Hotel Partners*, No. RDB–12–3223, 2013 WL 653955, at *6 (D. Md. Feb. 20, 2013) (quoting *Gardner v. Montgomery Cnty. Teachers Fed. Credit Union*, 864 F. Supp. 2d 410, 421 (D. Md. 2012)).

*CMG Bethesda*, 2012 WL 6108244, at *2 (quoting *Lyons*, 461 U.S. at 101–02). Thus, Plaintiffs must "describe [Payne's] concrete, specific plans to return to the locus of the injury," and "must indicate that the plaintiff is likely to suffer the same type of injuries upon her return." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992)); *Nat'l Alliance for Accessibility v. Millbank Hotel Partners*, No. RDB–12–3223, 2013 WL 653955, at *4 (D. Md. Feb. 20, 2013). Prior injury is probative as to whether there is a "real and immediate threat of repeated injury," but it is not determinative. *CMG Bethesda*, 2012 WL 6108244, at *2.

Plaintiffs alleged that Payne would return to the Courtyard Marriott Rockville on April 23, 2013. Am. Compl. ¶ 6. It is now August, 2013, and Payne's planned return date is in the past. Plaintiffs do not claim that Payne or any other NAA member plans to visit the Courtyard Marriott Rockville in the future. Moreover, Plaintiffs have not moved to amend their Complaint to allege that Payne or another NAA member plans to return to the Courtyard Marriott Rockville in the future.[2] Thus, regardless whether Plaintiffs had standing to sue at the time they filed their Amended Complaint, their claim is now moot. *See Friedman's, Inc.*, 290 F.3d at 197; *CMG Bethesda*, 2012 WL 6108244, at *5 (dismissing complaint as moot where plaintiff stated intent to return on a specific date, that date passed, and plaintiff did not amend to state intent to return at a future date). This is because there is no evidence on the record before me that Plaintiff has tried

---

[2] In *CMG Bethesda*, 2012 WL 6108244, , , a previous lawsuit brought by Plaintiffs, this Court dismissed the case as moot *sua sponte*. *Id.* at *5 & n.6. The Court concluded that the matter was moot because plaintiff "alleged that she would return to the Bethesda Marriott on October 12, 2012," a date that had "come and gone," such that the plaintiff "no longer ha[d] a personal interest in the outcome of th[e] litigation." *Id.* at *5. There, unlike here, the plaintiff "attached to her opposition brief a declaration of her intent to stay at the Bethesda Marriott on [a specific future date] while attending a rally in Washington, D.C." *Id.* at *6. The Court stated that it would not consider extrinsic evidence on a motion to dismiss and that plaintiff could not "supplement or amend her complaint by attaching a declaration to her opposition brief." *Id.* Notably, the Court observed that "Payne should have amended her complaint before it became moot." *Id.* Despite this admonition, Plaintiffs once again have failed to make the necessary amendment. *See id.*

to return to the Courtyard Marriott Rockville or made plans to return in the future. Thus, Plaintiffs have not shown the continued existence of a "'real and immediate threat' that [Payne] will sustain some future, direct injury as a result of the challenged conduct." *See CMG Bethesda*, 2012 WL 6108244, at *2 (quoting *Lyons*, 461 U.S. at 101–02). Consequently, a decision in Plaintiffs' favor will not redress Payne's injury, or affect her directly in any way whatsoever, such that Payne "no longer has a personal interest in the outcome of this litigation." *See CMG Bethesda*, 2012 WL 6108244, at *5; *see also Spencer*, 523 U.S. at 7; *Hardy*, 545 F.3d at 283; *Wright*, 2012 WL 4324911, at *2. Further, an association cannot bring a suit on behalf of its members if no individual member can maintain the suit. *See Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 342–43 (1977) ("'[To] have standing solely as the representative of its members," an "association must allege that its members, or any one of them are suffering immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable cause had the members themselves brought suit.'") (quoting *Warth v. Seldin*, 422 U.S. 490, 511 (1975)).

Plaintiffs' Amended Complaint is DISMISSED without prejudice as moot. The Clerk is directed to CLOSE this case.

Dated: <u>August 14, 2013</u>                    <u>      /S/                </u>
                                                    Paul W. Grimm
                                                    United States District Judge

lyb/kb